CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 0 1 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENNIS L. JUNIOUS, )<br>Petitioner, ) | Civil Action No. 7:08-cv-00253 |
| )<br>v. ) | **MEMORANDUM OPINION** |
| )<br>TERRY O'BRIEN, WARDEN, )<br>Respondent. )<br>) | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Dennis L. Junious, an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"), who is proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Junious challenges the validity of disciplinary proceedings that resulted in his conviction for engaging in a sexual act in violation of Bureau of Prisons ("BOP") Code 205 and sanctions in May 2007. Upon consideration of the petition, the court is of the opinion that the claims are without merit and that the petition must be summarily dismissed.

I.

Junious's claims are based on the following sequence of facts, as derived from his brief petition and the attached documentation of the disciplinary proceedings under challenge. On May 10, 2007, Lt. D. Peltier wrote an incident report charging that as she was making her rounds in USP Lee's H-Unit about 8:50 a.m., she saw Junious go into Cell #430, which was not his assigned cell. She reported that she saw Junious "with the cell door open sitting on the toilet with his penis in his hand stroking it back [and] forth." Peltier notified the unit officer, who then also reported seeing Peltier stroking his penis. As a result of these observations, Junious was charged with engaging in a sexual act, in violation of BOP Code 205, and being in an unauthorized area, in violation of Code

1

316.

Junious maintained to the investigating officer that he had not committed any sexual act and that the officers had merely observed him in the process of looking at and rubbing a boil on his upper leg  Junious was afforded a disciplinary hearing on these charges on May 25, 2007. Junious stated at the hearing, "I didn't do this." One witness, L. Calton, S.O.S., testified at Junious's request, stating "When I stripped [Junious] he did have a boil." The disciplinary hearing officer ("DHO") stated the evidence and then found:

> The DHO does not believe your statement you were rubbing a boil on your leg. The DHO believes the report writer knows the difference between a boil and an erect penis. To establish your credibility the DHO reviewed [your] disciplinary record which revealed one code 205 which you were found to have committed at a previous DHO hearing. The DHO doesn't believe your statement and based his decision on the greater weight of the evidence. . . . The DHO considered your witness statement that you are often seen in other rooms and dropped the code 316.
> Accordingly, the DHO finds you willfully violated Code 205, Engaging in a Sexual Act, of the Inmate Discipline Policy.

The DHO imposed the following sanctions: disciplinary segregation for 15 days, loss of commissary privileges for 180 days, and loss of non-contact visiting privileges for 90 days.

Junious appealed the hearing officer's findings. As his Reason for Appeal, he claimed that the reporting officer misinterpreted his innocent behavior and that his conduct, even as described in the incident report, did not qualify as a "sexual act" under Code 205. The Regional Director upheld the disciplinary conviction, and Junious appealed, claiming that his conduct did not qualify as a sexual act as defined in 18 U.S.C. § 2246; this appeal was also denied. Junious then filed this § 2241 petition, claiming insufficient evidence to support his disciplinary conviction and sanctions.

II

Habeas proceedings under § 2241 typically challenge the legality of custody and secure either release from illegal custody or a shortened period of confinement. Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir.1993). When prison disciplinary proceedings affect the fact or duration of the prisoner's confinement through the deprivation of earned Good Conduct Time ("GCT"), an inmate must proceed through habeas proceedings if he seeks restoration of forfeited GCT. Preiser v. Rodriguez, 411 U.S. 475, 487-88, (1973).

While convicted prisoners relinquish many rights upon being incarcerated, the due process clause of the Fourteenth Amendment mandates several procedural safeguards before an inmate may be punished with the loss of earned good conduct time for violating prison disciplinary rules. Wolff v. McDonnell, 418 U.S. 539, 557(1974). Besides typical procedures such as notice, a hearing, and written findings, due process also requires that the findings of the disciplinary hearing officer must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the entire record of a disciplinary hearing, reweigh evidence, or assess witness credibility, unless the findings are unsupported by any evidence or wholly arbitrary and capricious. Id. at 455-57. On the other hand, where a disciplinary action does not "work a major disruption in [a prisoner's] environment" or "inevitably affect the duration of his sentence," the prisoner has not suffered a hardship that triggers federally mandated due process protections at all. Sandin v. Conner, 515 U.S. 472, 486-87(1995).

In his § 2241 petition, Junious claims as he did in his final administrative appeal that the evidence was not sufficient to support his disciplinary conviction for violating Code 205, because

3

his conduct did not qualify as a "sexual act" under 18 U.S.C. § 2246.[1] He argues that his behavior as described by the reporting officer did not include any type of penetration or participation with anyone other than himself while clothed and so did not meet the definition of "sexual act" in § 2246. He seeks expungement of the incident report from his central file and return of his GCT.

The court finds no merit to these arguments. First, Junious offers no evidence that he actually lost any earned GCT. The sanctions listed in the documentation of the disciplinary proceedings are simply the temporary loss of several privileges. He fails to demonstrate that these deprivations affect the length of his confinement in any way or work a major disruption in his prison environment so as to create a federally protected liberty interest under <u>Sandin</u>. 515 U.S. at 486-87. Accordingly, the court concludes that Junious had no constitutional right to the due process protections mandated under <u>Wolff</u>.

Second, even if Junious had some statutory right to such procedural protections, he received them. He does not complain that the disciplinary proceedings failed to comport with the <u>Wolff</u>

---

[1] Section 2246(2) defines the term "sexual contact" as used in various criminal statutes in the Chapter 109(a) of Title 18 entitled "Sexual Abuses," as follows:
   (2) the term "sexual act" means--
      (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
      (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
      (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
      (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person;

procedural requirements and in fact, submits documentation indicating that he did receive these protections or waived them.

Third, Junious fails to show that the evidence was insufficient to support a finding that he was guilty of violating BOP Code 205. Code 205 makes "engaging in a sexual act" a prohibited act under the BOP disciplinary policy. See 28 C.F.R. § 541.13, Table 3, Code 205. This section does not define the term "sexual act." [2] However, the court finds no indication that the BOP intended "sexual act" as used in BOP Code 205 to be limited to the narrow category of criminal conduct defined in 18 U.S.C. § 2246(2). Indeed, if Junious had committed conduct falling under the § 2246(2) definition, he would have been charged with violating a federal criminal statute, not a prison disciplinary policy. Moreover, the BOP's interpretation of its own regulation is "controlling . . . unless it is plainly erroneous or inconsistent with the regulation." See Chong v. Dist. Dir., I.N.S., 264 F.3d 378, 389 (3d Cir.2001) (citations and quotations omitted). In addressing Junious's first administrative appeal, the BOP Regional Director stated: "The DHO found that you committed the prohibited act based on [evidence] that you were engaged in intimate physical contact with yourself. . . . and we find no reason to elaborate further." As "intimate physical contact with" oneself is not a clearly erroneous or inconsistent interpretation of the term "sexual act" as used in Code 205, the court concludes that the BOP's definition of the term is controlling and applies to the weight of the evidence against Junious at the May 25, 2007 disciplinary hearing. Therefore, the court finds no ground on which Junious is entitled to relief under § 2241 related to the challenged disciplinary conviction and sanctions. An appropriate order shall be issued this day to dismiss the petition.

---

[2]Section 541.13, Table 3, also includes separate prohibitions of assault of any person, including sexual assault (Code 101), making sexual proposals or threats to another (Code 206), and indecent exposure (Code 300).

5

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk of the Court is directed to send a copy of this memorandum opinion and final order to petitioner.

ENTER:    This 1st day of April, 2008.

_____
Senior United States District Judge